IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-40038 |
| | ) | |
| DAVID AMISON and | ) | |
| KARMA KAY AMISON, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 41, 44 |

ORDER

Hearing was held in Lincoln, Nebraska, on June 29, 2005, regarding Filing No. 41, Objection to Claim of TierOne Bank, filed by the debtors, and Filing No. 44, Resistance, filed by TierOne Bank. Bryan Meismer appeared for the debtors and Joseph Badami appeared for TierOne Bank.

The debtors have objected to the claim of TierOne Bank which holds a security interest in a 2002 Ford Explorer. The bank claims a debt of $18,240.49 and claims that the value of the collateral is $17,250. On the other hand, the debtors in their pleading asserted that the value of the collateral is $12,300.

Each party presented affidavit evidence concerning the method used to value the collateral and the dollar amount of the valuation. The bank has presented two affidavits (Fil. #s 31 and 33) by bank employees who have not actually seen the vehicle. They used N.A.D.A. Blue Book values of $17,250 and $17,575.

The vehicle was purchased in May of 2002, apparently new.

The debtors' evidence, an affidavit by a person in the used-automobile sales business (Fil. #42), shows that the affiant personally inspected the vehicle and found it to be in generally good condition. However, he stated that it needs tires, the back left quarter panel is dented, the back bumper was hit by another car and needs repair, and the vehicle has hail damage. He claims he also used the N.A.D.A. Official Used Car Book when determining his value. The debtors' witness has been in the "buying and selling of this type of collateral or appraisal of the same" for one year. He estimates the value at $11,250, even though the debtors agree that they would stick with their initial value of $12,300.

At an earlier hearing on an objection to confirmation of a plan, the same evidence was offered by both parties. The court noted at that time, and notes once again, that the debtors have not explained why the damages have not been repaired and have not explained whether there was insurance coverage for the hail damage and, if there was, what happened to the insurance proceeds. Without such information, the court is unable to find in favor of the debtors.

Debtors have a contractual obligation to keep their vehicles in good repair. This vehicle is only three years old. The damage noted by the debtors' own appraiser identified damages which were in the control of the debtors and should have been repaired pursuant to the insurance contract and the retail installment contract. With no explanation of the reason why such repairs

were not made, the debtors should not be permitted to receive the benefit of the reduction in value during this Chapter 13 case.

Therefore, I find that the value of the collateral is $17,250 and that is the amount of the allowed secured claim.

SO ORDERED.

DATED this 30th day of June, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Bryan Meismer
    Joseph Badami
    Kathleen Laughlin
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.